IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH HEWLETT, III,<br>Also known as Al-HaKeem Amr Allah,<br>    Plaintiff,<br><br>v.<br><br>SUPERINTENDENT MRS. GOODE,<br>    Respondent. | Civil Case No. 7:20-cv-00494<br><br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Joseph Hewlett, III, also known as Al-HaKeem Amr Allah, a Virginia inmate proceeding pro se, initiated this action by filing a petition for writ of habeas corpus in the United States District Court for the Eastern District of Virginia, using a form for filing a 28 U.S.C. § 2241 petition. That court collected the $5 filing fee and then transferred the case here. After review of the petition, the court concludes that it must be summarily dismissed.[1]

## I.   BACKGROUND

In his petition, Hewlett challenges a disciplinary conviction he received while incarcerated at Halifax Correctional Unit. Specifically, he asserts that he received an institutional charge on March 26, 2020, for refusing to work for the Virginia Department of Transportation ("VDOT") picking up trash. He explains, however, that his refusal was based on his concern over COVID-19. He states that he was exercising his "right to self-

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

quarantine," that his health concern was the only reason he did not report to work on that date, and that he spoke with Sgt. Lyles beforehand. Pet. at 2, 6, 7, ECF No. 1.

Hewlett also claims that requiring him to work is an act by the Virginia Department of Corrections ("VDOC") and VDOT of "deliberate indifference." Id. at 7. In particular, Hewlett alleges that he had bronchitis the week that he refused to work and that he was concerned about being exposed to the virus by having to pick up trash that might contain the virus. He claims that requiring him to work put his life at risk and thus was "a case of deliberate indifference." Id.

According to Hewlett's petition, the only penalty imposed as a result of the disciplinary conviction was a $5 fine. The only relief that he seeks is as follows:

> I want the court to question this charge and have it dismissed [and] removed from my institutional record due to the fact that the only reason I didn't go to work was because of a deadly pandemic (COVID-19 Virus).

Id.

Liberally construed, Hewlett's petition could be interpreted as attempting to assert two claims. The first is a claim that his Fourteenth Amendment due process rights were violated in his disciplinary hearing and on appeal. Although he does not identify any procedural irregularities or violations in the proceedings, he argues that he should not have been found guilty of the charge because he had a good reason for refusing to work. Second, the petition's fleeting reference to "deliberate indifference" by unnamed prison officials could be construed as asserting an Eighth Amendment conditions-of-confinement claim.

Upon review of Hewlett's petition, the court concludes that his claims are not properly asserted in a § 2241 petition and are not proper habeas claims pursuant to 28 U.S.C. § 2254, either. Furthermore, the court declines to construe the complaint as an action pursuant to 42 U.S.C. § 1983.

## II.   DISCUSSION

Turning first to the proper vehicle for his claims, Hewlett used a § 2241 form for filing his petition, but § 2241 is unavailable to him. See In re Wright, 826 F.3d 774, 779 & n.5 (4th Cir. 2016) (holding that state prisoners challenging the execution of a state sentence, including the loss of good time credits, cannot use § 2241). Instead, his habeas petition must be brought pursuant to 28 U.S.C. § 2254.

His claims, however, are not proper habeas claims at all, because granting relief on those claims would not necessarily mean that the duration of his sentence should be shortened. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (holding that where success on a claim "would not necessarily spell immediate or speedier release for the prisoner," habeas corpus is not the appropriate remedy) (emphasis in original); Greene v. Hernandez, No. 1:17-CV-00307-FDW, 2018 WL 7458643, at *1 (W.D.N.C. June 1, 2018) (relying on Wilkinson to explain that a state prisoner "may proceed under § 2254 . . . only to the extent the disciplinary convictions increased the duration of his custody").

Relief on any Eighth Amendment deliberate indifference claim certainly would not necessarily affect the length of Hewlett's sentence. As to his due process claim, the only penalty imposed as a result of his disciplinary conviction was a small monetary one, and

3

Hewlett makes no argument that this conviction will otherwise affect the duration of his sentence.[2] Even if he were to successfully show that the disciplinary conviction was unsupported by evidence and should be expunged,[3] then, his claim does not sound in habeas. See Wilkinson, 544 U.S. at 81.

For the foregoing reasons, Hewlett's claims are not habeas claims under 28 U.S.C. § 2254. Further, the court declines to simply reclassify and treat Hewlett's petition as a § 1983 action, in large part because of the different filing fees ($5.00 for § 2254 versus $350.00

---

[2] Even if Hewlett had alleged that his conviction affected his good-time earning level—an allegation he has made in another similar petition he recently filed, see Allah v. Goode, No. 7:20-cv-610 (W.D. Va.), ECF No. 1—his claim still would not sound in habeas. Gaskins v. Johnson, 443 F. Supp. 2d 800, 803–04 (E.D. Va. 2006) (construing § 2254 petition challenging disciplinary conviction as a § 1983 claim where the proceeding did not result in the loss of any "already-earned good-time credits," but simply caused prisoner the loss of the ability to earn more good-time credits); Ofori v. Clarke, No. 2:15CV140, 2015 WL 6759463, at *4–5 (E.D. Va. Nov. 5, 2015) (same).

Furthermore, to state a due process violation, a plaintiff must first "identify a protected liberty or property interest" of which he was deprived. Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). Unlike the loss of already-earned good time credits, a change to the rate at which a prisoner earns good time does not give rise to a sufficient liberty interest so as to trigger due process protections. Indeed, a number of courts have held that Virginia prisoners have no liberty interest in any particular classification or good conduct time earning rate, either derived from the United States constitution, Wolff v. McDonnell, 418 U.S. 539, 557 (1974), or as the result of Virginia laws or policies, see Mills v. Holmes, 95 F. Supp. 3d 924, 931–34 (E.D. Va. 2015) (analyzing Virginia statutes and VDOC regulations and concluding that "maintaining a particular . . . earning level" for good conduct "is not a protected liberty interest in Virginia"). The Fourth Circuit has also so held, although in an unpublished decision. West v. Angelone, 165 F.3d 22, 1998 WL 746138, at *1 (4th Cir. 1998) (unpublished table decision) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level . . . ."). There also are many district court cases from this court holding that small monetary fines imposed as a result of a prison disciplinary conviction do not give rise to a protected property or liberty interest. E.g., Roscoe v. Mullins, No. 7:18CV00132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) ($15 penalty), appeal docketed, No. 19-7343 (4th Cir. Sept. 24, 2019); Ferguson v. Messer, No. 7:15CV00140, 2017 WL 1200915, at *8 (W.D. Va. Mar. 30, 2017) (three $12 fines); Bratcher v. Mathena, No. 7:15CV00500, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) ($12 fine). It is therefore unclear that due process protections were even triggered by Hewlett's disciplinary conviction.

[3] Hewlett likely faces an uphill battle in establishing that his conviction was erroneous, in that he admits that he engaged in the conduct for which he was convicted (refusing to work), although he contends that he had an adequate justification for that refusal. As the Supreme Court has explained, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators [in disciplinary proceedings] that have some basis in fact." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 456 (1985). Here, Hewlett's conviction has "some basis in fact": he was convicted of refusing to work and admits that he refused to work.

4

for § 1983) and the collateral consequences associated with filing multiple, frivolous civil rights law suits, see 28 U.S.C. §§ 1914, 1915(b)(1), 1915(g). Instead, the court will dismiss Hewlett's petition without prejudice to his ability to pursue his claims in a § 1983 action. The court notes, however, that it has already pointed to some possible deficiencies in his due process claim, see supra notes 2 and 3, and that any Eighth Amendment claim must identify what each named defendant did personally to violate Hewlett's rights. See Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).

### III. CONCLUSION

For the foregoing reasons, Hewlett's petition will be dismissed without prejudice to his ability to refile his claims in a new § 1983 case. An appropriate order will be entered.

It is so **ORDERED**.

Entered: October 19, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.10.19 09:56:25
-04'00'

Michael F. Urbanski
Chief United States District Judge